# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

                Plaintiff,

      v.

JONATHAN N. JARNIG,           Case No. 3:18-cr-00047-SLG

                Defendant.

## ORDER REGARDING MOTION FOR RECONSIDERATION

Before the Court at Docket 167 is Defendant Jonathan N. Jarnig's *pro se* Motion for Reconsideration of Order Denying Motion to Vacate and Dismiss Indictment with Prejudice Based on Outrageous Government Misconduct and Perjury.

Previously, Mr. Jarnig filed a *pro se* Motion to Vacate Verdict and Dismiss Indictment with Prejudice Based on Outrageous Government Misconduct and Perjury.[1] The Court found that the motion had no merit and was not supported by any exhibits or any part of the record in this case. Accordingly, The Court denied the motion on October 24, 2019.[2]

Mr. Jarnig dated the current *pro se* motion for reconsideration November 20, 2019.[3] Mr. Jarnig originally attempted to file the *pro se* motion for reconsideration by mailing it directly to the Court, and on December 10, 2019, this Court ordered that the

---

[1] Docket 135-1.

[2] Docket 147.

[3] Docket 167 at 13.

document was not accepted for filing because Mr. Jarnig was represented by counsel.[4]

Mr. Jarnig's *pro se* motion for reconsideration was then filed on his behalf by his counsel,

Bradly Carlson, on December 17, 2019.[5]

    The District of Alaska Local Criminal Rule 47.1(g)(2) requires that a motion for

reconsideration be filed not later than seven or 14 days after the entry of the order,

depending on the basis for the motion.[6]  Even using the date most favorable to Mr.

Jarnig—the date of the motion on November 20, 2019—Mr. Jarnig's motion for

reconsideration is late.[7]  The Court declines to consider the late-filed motion.[8]

    In light of the foregoing, IT IS ORDERED that the motion to reconsider at Docket

167 is denied.

    DATED this 26th day of December, 2019, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[4] Docket 164 (text order).

[5] Docket 167 at 1–2 (Notice of Filing).

[6] The current Local Criminal Rules went into effect on December 12, 2019.  However, the prior version of the rules also required motions for reconsideration to be filed within either seven or 14 days.

[7] Although the Court is not considering the merits of Mr. Jarnig's motion, it notes that both the local rules and the United States Code state that the transcript certified by the official court reporter is the official record of a proceeding.  *See* D. Ak. L. Civ. R. 80.1; D. Ak. L. Crim. R. 1.1(b); 28 U.S.C. § 753(b) ("The transcript in any case certified by the reporter . . . shall be deemed prima facie a correct statement of the testimony taken and proceedings had.  No transcripts of the court shall be considered as official except those made from the records certified by the reporter or individual designated to produce the record.").

The Court also notes that many of the issues raised by Mr. Jarnig's motion for reconsideration were not raised in his original motion (*e.g.*, that his trial counsel was ineffective, that the Court erred by not allowing Mr. Jarnig to represent himself at trial, and that the government withheld *Brady* and Jencks Act materials), so there would be nothing for the Court to reconsider as to those topics.

[8] The motion is also overlength in that it is more than double the five-page limit.